1  LOCKE LORD BISSELL & LIDDELL LLP
2  John M. Hochhausler (SBN: 143801)
   jhochhausler@lockelord.com
3  Amber L. Harley (SBN: 245060)
4  aharley@lockelord.com
   300 South Grand Avenue, Suite 2600
5  Los Angeles, California 90071-3119
6  Telephone: (213) 485-1500
   Facsimile: (213) 485-1200
7
8  Attorneys for Defendants
   EXECUTIVE TRUSTEE SERVICES, LLC (incorrectly sued herein as "ETS
9  Services, LLC") and GMAC MORTGAGE, LLC (incorrectly sued herein as "GMAC
10 Mortgage")

11              UNITED STATES DISTRICT COURT

12             CENTRAL DISTRICT OF CALIFORNIA

13

14  EDGAR L. FIGUEROA,              )  CASE NO.   CV 08-07400 R (MANx)
15                                  )
                                    )
         Plaintiff,                 )  **DEFENDANTS' NOTICE OF**
16                                  )  **MOTION AND MOTION TO**
17       vs.                        )  **DISMISS; MEMORANDUM OF**
                                    )  **POINTS AND AUTHORITIES**
18                                  )
    ETS SERVICES, LLC, GMAC         )
19  MORTGAGE, and DOES 1-50,        )  Honorable Manuel L. Real
    inclusive,                      )
20                                  )  Date:      February 2, 2009
21       Defendants.                )  Time:      10:00 a.m.
                                    )  Place:     Courtroom 8
22                                  )
23                                  )  **[Filed Concurrently with [Proposed]**
                                    )  **Order]**
24                                  )
25                                  )
26                                  )
27
28

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

1    TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

2        PLEASE TAKE NOTICE that on February 2, 2008, at 10:00 a.m., or as soon

3    thereafter as the matter may be heard in the above-entitled Court, Defendants

4    Executive Trustee Services, LLC (incorrectly sued herein as "ETS Services, LLC")

5    ("Executive Trustee") and GMAC Mortgage, LLC (incorrectly sued herein as

6    "GMAC Mortgage") ("GMACM") (collectively, "Defendants") will bring for hearing

7    before the Honorable Manuel L. Real, United States District Judge, in Courtroom 8 of

8    the United States Courthouse located at 312 North Spring Street, Los Angeles,

9    California, a Motion to Dismiss the Complaint filed by Plaintiff Edgar L. Figueroa

10   ("Plaintiff"). Defendants move the Court to dismiss Plaintiff's claims pursuant to

11   Federal Rule of Civil Procedure 12(b)(6) on the grounds that the Complaint fails to

12   state claims against Defendants upon which relief may be granted. Plaintiff's

13   Complaint should also be dismissed because the fraud-based allegations set forth

14   therein fail to satisfy the standard of particularity imposed under Federal Rule of Civil

15   Procedure 9(b).

16       With this Motion, Defendants seek an order from the Court granting the

17   following relief:

18       1.    Dismissing Count One alleging "unfair debt collection practices." Count

19   One should be dismissed because Plaintiff has failed to state a claim for violation of

20   any of the statutes identified in this Count, namely:

21       (a)    California's Rosenthal Fair Debt Collection Practices Act,

22   including but not limited to California Civil Code § 1788.10;

23       (b)    Federal Fair Debt Collections Practices Act, 15 U.S.C. §§ 1692 *et*

24   *seq.*; and

25       (c)    Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§

26   2601-2617.

27   ///

28   ///

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

2.      Dismissing Count Two alleging "predatory lending practices."  Count Two should be dismissed because Plaintiff has failed to state a claim for violation of any of the statutes identified in this Count, namely:

      (a)      Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1637;

      (b)      Truth in Lending Act ("TILA"), 15 U.S.C. § 1601; and

      (c)      Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 41-58.

3.      Dismissing Count Three alleging RICO violations.  Court Three should be dismissed because Plaintiff has failed to state a claim for violation of any of the statues identified in this court, namely:

      (a)      18 U.S.C. §§ 1961 *et seq*;

      (b)      18 U.S.C. §§ 1962(b) and (d);

      (c)      18 U.S.C. §§ 1961(a)(1).

This Motion is based on this Notice of Motion and Motion, the incorporated Memorandum of Points and Authorities, any additional documents filed concurrently herewith, the pleadings, papers and records on file in this action, and such oral argument as may be presented at the time of the hearing.  This Motion is made following counsel for Defendants' agreement with Plaintiff's counsel that Defendants' counsel has satisfied the Local Rule 7-3 requirement for the present action.[1]

///

///

///

_____

[1] Plaintiff's counsel has filed approximately 20 identical complaints against Defendants, and Defendants' counsel and Plaintiff's counsel have conducted Local Rule 7-3 conferences in connection with some of those other cases.  On October 4, 2008, Plaintiff's counsel agreed that Defendants' counsel has satisfied the requirements of Local Rule 7-3 for these identical cases, including new cases utilizing the same or substantially similar complaints going forward.  Plaintiff's counsel is well aware of Defendants' grounds for this motion to dismiss, including the complaint's lack of specificity and failure to state a claim.

3

Defendants' Memorandum of Points and Authorities in Support of Motion to Dismiss
*Figueroa v. ETS Services, LLC, et al.*, Case No. CV 08-07400 R (MANx)

Dated:  November 14, 2008

Respectfully submitted,

LOCKE LORD BISSELL & LIDDELL LLP

By:  /s/ John M. Hochhausler
       John M. Hochhausler
       Amber L. Harley
       Attorneys for Defendants
EXECUTIVE TRUSTEE SERVICES, LLC,
and GMAC MORTGAGE, LLC

Table of Contents

Page

I.    INTRODUCTION. ........................................................................1

II.   RELEVANT FACTS AND ALLEGATIONS. .....................................2

      A.   Plaintiff's Allegations. ......................................................2

      B.   The Claims Asserted Against Defendants. ..............................4

III.  ARGUMENT. ............................................................................5

      A.   The Applicable Legal Standard. ...........................................5

      B.   Dismissal Of All Claims Asserted Against Defendants Is
           Warranted Under Rule 12(b)(6). ..........................................6

      C.   Count One Alleging Unfair Debt Collection Practices Should Be
           Dismissed As To Defendants Because Plaintiff Fails To State A
           Claim.......................................................................................7

           1.   Plaintiff Fails To State A Claim Under RFDCPA. ............8

           2.   Plaintiff Fails To State A Claim Under FDCPA. ..............8

           3.   Plaintiff Fails To State A Claim Under RESPA. .............9

      D.   Count Two Alleging Predatory Lending Practices Should Be
           Dismissed As To Defendants Because Plaintiff Fails To State A
           Claim......................................................................................10

           1.   Plaintiff Fails to State A Claim Under HOEPA..............11

           2.   Plaintiff Fails To State A Claim Under TILA................11

           3.   Plaintiff Fails To State A Claim Under The FTC Act. .................12

      E.   Count Three Alleging RICO Violations Should Be Dismissed As
           To Defendant Because Plaintiff Fails To State A Claim. .........12

      F.   Dismissal Of Plaintiff's Claim For RICO Violations Is Warranted
           Because Plaintiff Fails To State A Claim With Sufficient
           Specificity As Required By Rule 9(b)......................................15

IV.   CONCLUSION...........................................................................16

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

i

Table of Authorities

Page

**Federal Cases**

*Associated Gen. Contractors of Calif., Inc. v. Calif. State Council of Carpenters*
   459 U.S. 519, 526 (1983).................................................................. 6

*Balistreri v. Pacifica Police Dep't.*
   901 F.2d 696, 699 (9th Cir. 1990) ........................................... 1, 5

*Bell Atlantic Corp. v. Twombly*
   -- U.S. --, 127 S. Ct. 1955, 1964-65 (2007)........................ passim

*Bly-Magee v. California*
   236 F.3d 1014, 1019 (9th Cir. 2001) ......................................... 6

*Federal Reserve Bank of San Francisco v. HK Systems*
   1997 WL 227955, at *3 (N.D. Cal. Apr. 24, 1997)................... 14

*Graf v. Peoples*
   No. CV 07-4731-VAP(E), 2008 WL 4189657,
   at *6 (C.D. Cal. Sept. 4, 2008)............................................ 13, 15

*Homestreet, Inc. v. State of Washington Dep't of Revenue*
   162 P.3d 458, 466 (Wash. App. 2007) ........................................ 2

*In re Hwang*
   393 B.R. 701, 707 (Bankr. C.D. Cal. 2008) .............................. 7

*In re Stac Electronics Sec. Litig.*
   89 F.3d 1399, 1403 (9th Cir. 1996) .......................................... 5

*Macelos v. Dominguez*
   No. C 08-00056 WHA, 2008 WL 1820683, at *9 (N.D. Cal. Apr. 21, 2008) ......... 15

*Marks v. Chicoine*
   No. C 06-06806 SI, 2007 WL 1056779, at *7 (N.D. Cal. Apr. 6, 2007) ................ 11

*Marks v. Chicoine*
   No. C 06-06806 SI, 2007 WL 160992 (N.D. Cal. Jan. 18, 2007) ........................... 11

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

## Table of Authorities

Page

*Moore v. Kayport Package Exp., Inc.*
   885 F.2d 531, 541 (9th Cir. 1989) ................................................ 15

*Moore v. New York Cotton Exchange*
   270 U.S. 593 (1926) ................................................................ 12

*Paslowski v. Standard Mortgage Corp. of Georgia*
   129 F. Supp. 2d 793, 799 n.10 (W.D. Pa. 2000) ............................ 2

*Rossbach v. FSB Mortgage Corp.*
   Nos. C3-97-1622, C9-97-1852, 1998 WL 156303,
   *3 (Minn. App. Apr. 7, 1998) ..................................................... 2

*Vess v. Ciba-Geigy Corp. USA*
   317 F.3d 1097, 1106 (9th Cir. 2003) ........................................... 6

*Wagh v. Metris Direct*
   348 F.3d 1102, 1108 (9th Cir. 2003) ...................................... 14, 15

### Federal Statutes

12 U.S.C. § 2605(e)(1) ............................................................ 9, 10

12 U.S.C. § 2605(i)(3) .................................................................. 2

15 U.S.C. §§ 1601, *et seq.* .................................................... 11, 14

15 U.S.C. § 1602(aa) ................................................................... 11

15 U.S.C. §§ 1602(f)(1), (2) ........................................................ 12

15 U.S.C. § 1639 ........................................................................ 11

15 U.S.C. § 1641 ..................................................................... 2, 13

15 U.S.C. §§ 45, *et seq.* ............................................................ 12

18 U.S.C. § 1961(1) ................................................................ 13, 14

18 U.S.C. § 1961(5) .................................................................... 13

18 U.S.C. § 1961(6) .................................................................... 13

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA  90071

iii
Defendants' Memorandum of Points and Authorities in Support of Motion to Dismiss
*Figueroa v. ETS Services, LLC, et al.*, Case No. CV 08-07400 R (MANx)

## Table of Authorities

Page

**State Statutes**

California Civil Code §§ 1788.10 *et seq.* ................................................................. 8

California Commercial Code § 3309 ........................................................................ 3

**Federal Rules**

Fed. R. Civ. P. 12(b)(6) .................................................................................. passim

Fed. R. Civ. P. 9(b) ....................................................................................... passim

**Articles**

Howard R. Hawkins, Jr. & Ellen M. Halstead,
    *Subprime Tempest in a Teapot: Recent Foreclosure Cases,*
    4 Pratt's J. Bankr. L. 58, 59-60 (2008) .............................................................. 3

LA 612527v.1

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

iv

Defendants' Memorandum of Points and Authorities in Support of Motion to Dismiss
*Figueroa v. ETS Services, LLC, et al.*, Case No. CV 08-07400 R (MANx)

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION.

Plaintiff filed this lawsuit to delay foreclosure of the deed of trust on his home (the "Deed of Trust"). Defendant Executive Trustee Services, LLC ("Executive Trustee") is the trustee on the Deed of Trust. Defendant GMAC Mortgage, LLC ("GMACM") (collectively with Executive Trustee, "Defendants") is the servicer of Plaintiff's home loan. After Plaintiff defaulted on his loan agreement, Executive Trustee mailed Plaintiff a notice of trustee's sale. (Compl. Ex. 1). Tellingly, Plaintiff does not contest that he is in default on his loan. Rather, Plaintiff raises various specious claims in a boilerplate complaint filed by his attorney who performed no apparent factual investigation to determine if the boilerplate allegations actually coincide with the facts underlying Plaintiff's loan default.

Defendants bring this Motion to Dismiss on grounds that each claim asserted against them either (a) lacks sufficient facts to state the claims in violation of Fed. R. Civ. P. 12(b)(6), as recently interpreted by the U.S. Supreme Court in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007), or (b) fails to satisfy the heightened pleading standard applicable to fraud allegations under Fed. R. Civ. P. 9(b). Under Rule 12(b)(6), dismissal is proper when the plaintiff either lacks a "cognizable legal theory" or where there is a "legally cognizable" right but the plaintiff fails to allege sufficient facts to support the claim. *Twombly*, 127 S. Ct. at 1964-65; *see also Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990). Further, pursuant to Rule 9(b), "all averments of fraud…shall be stated with particularity." FED. R. CIV. P. 9(b). Because Plaintiff's Complaint fails in these two crucial respects, it should be dismissed in its entirety as to Executive Trustee and GMACM.

///

///

///

## II.   RELEVANT FACTS AND ALLEGATIONS.[2]

### A.   Plaintiff's Allegations.

While confusing and in various places contradictory because of the boilerplate nature of the Complaint, the Complaint alleges that GMACM is the "business entity … that has directed and is directing [Executive Trustee] to proceed under a power of sale to foreclose", and is "not the holder" of the promissory note evidencing Plaintiff's home loan (the "Note"). (Compl. ¶¶ 2, 7). The Complaint alleges that GMACM has instructed Executive Trustee to foreclose the Deed of Trust.[3] (Compl.

---

[2] Defendants assume the truth of Plaintiff's allegations for purposes of this Motion only, as they must. Defendants reserve their rights to contest any and all of these allegations in subsequent pleadings, if necessary.

[3] As indicated, Defendants accept this allegation as true, as they must, but it is extremely misleading in its suggestion that GMACM is the holder of the Note. GMACM is the servicer of Plaintiff's mortgage loan. This means that the owner or holder of the Note secured by Plaintiff's property has contracted with GMACM to communicate with customers, receive monthly payments, and where necessary, foreclose on mortgage loans in default. *See, e.g., Paslowski v. Standard Mortgage Corp. of Georgia*, 129 F. Supp. 2d 793, 799 n.10 (W.D. Pa. 2000) ("Mortgage servicing consists primarily of collecting the borrower's payments, maintaining all of the necessary accounts (including an escrow account for taxes and insurance) and making the necessary disbursements.") (quoting *Deerman v. FHLMC*, 955 F. Supp. 1393, 1396 (N.D. Ala. 1997), *aff'd*, 140 F.3d 1043 (11th Cir. 1998)); Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(i)(3) (defining the activities of a "servicer" to include "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan … and making the payments of principal and interest" to the note holder); Truth in Lending Act, 15 U.S.C. § 1641(f) (incorporating RESPA's definition of "servicer"). There is no direct or contractual relationship between the servicer and the borrower, and the servicer acts only on behalf of the owner or note holder. *See, e.g., Homestreet, Inc. v. State of Washington Dep't of Revenue*, 162 P.3d 458, 466 (Wash. App. 2007) (noting that no "direct relationship" remains between a borrower and a lender who transfers the underlying payment obligation, *i.e.*, the note, but retains the servicing rights); *Rossbach v. FSB Mortgage Corp.*, Nos. C3-97-1622, C9-97-1852, 1998 WL 156303, *3 (Minn. App. Apr. 7, 1998) ("Any service FBS [the servicer] provided was according to [the servicing] contract and for the benefit of [the note holder]. FBS did not provide services directly to [the borrower] … It is acting only as a facilitator of the payments and only for the benefit of [the note holder].") Any action taken by GMACM

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

2

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

1   ¶ 2, 8).  The Complaint alleges on information and belief that GMACM is not in

2   physical possession of the original Note evidencing Plaintiff's obligation to repay his

3   mortgage loan.  (Compl. ¶ 7-8).

4       Plaintiff asserts that GMACM does not have the right to foreclose even though

5   Plaintiff has defaulted on the Note because GMACM is not in physical possession of

6   the Note.  (Compl. ¶ 8).  This allegation is on information and belief alone.  *Id.*  More

7   importantly, Plaintiff does not allege any authority for his contention that GMACM,

8   as servicer, is required to have physical possession of the Note before instituting

9   foreclosure proceedings.[4]

10      Furthermore, Plaintiff contends that Defendants have "engage[d] in a pattern

11  and practice of utilizing the non-judicial foreclosure procedures of this State to

12  foreclose on properties when they do not, in fact, have the right to do so."  (Compl. ¶

13  9).  The Complaint, however, does not contain a single fact in support of this bald

14  legal conclusion that Defendants have engaged in such a "pattern and practice."

15      Plaintiff also alleges that he demanded proof of Defendants' right to proceed

16  with foreclosure (Compl. ¶ 10) as well as a "detailed accounting of how the stated

17

18  regarding foreclosure, including directing the trustee of the Deed of Trust (Executive

19  Trustee) to proceed under a power of sale to foreclose on Plaintiff's property, is taken
    solely on behalf of the owner or holder of the Note in GMACM's capacity as servicer.

20  There is nothing unlawful about this.

    [4] In fact, there is no requirement in California that even the holder of a note be in
21  actual physical possession of the note in order to foreclose.  *See e.g.* CAL. COM. CODE

22  § 3309 (dealing with missing and destroyed documents).  Moreover, nothing in
    California law prevents a mortgage servicer from foreclosing a deed of trust securing

23  a loan evidenced by a promissory note in the possession of the holder, for whom the

24  servicer conducts the foreclosure, as occurred in this case.  This is in fact the standard
    practice in the mortgage industry.  *See, e.g.*, Howard R. Hawkins, Jr. & Ellen M.

25  Halstead, *Subprime Tempest in a Teapot: Recent Foreclosure Cases*, 4 PRATT'S J.

26  BANKR. L. 58, 59-60 (2008) (explaining that "[i]n general, when mortgages are sold or
    deposited into securitization trusts, … [t]he trustee is typically provided with the

27  original promissory note and an assignment of the mortgage.  These documents are

28  typically executed in blank and held by a third-party custodian.").

3

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

1   amount necessary to be paid to redeem the property from foreclosure has been

2   calculated." (Compl. ¶ 11). Plaintiff contends that Defendants' response "has been

3   so inadequate so as to prevent Plaintiffs [sic] from determining whether any or all of

4   the charges in their payoff demand were justified, appropriate and proper under the

5   terms of obligation." *Id.* In support of his allegation, Plaintiff attaches Exhibit 2, a

6   letter to Executive Trustee dated September 15, 2008. (Compl. Ex. 2). Yet, Plaintiff

7   neglects to mention the fact that this lawsuit was filed only nineteen days after he

8   sent this demand letter, on October 4, 2008. In addition, Plaintiff does not attach any

9   similar letter, or any communication at all, with GMACM. Regardless, these

10  allegations, even if true, could not support claims for racketeering, predatory

11  behavior, or unfair debt collection practices.

12      Beyond alleging that Executive Trustee acted improperly by initiating

13  foreclosure when GMACM was not in physical possession of the Note, Plaintiff

14  makes no other specific factual allegations of wrongdoing against Defendants. There

15  are no express nor even implicit allegations of any sort of underlying fraud or other

16  unlawful conduct that might support Plaintiff's claims.

17      **B.   The Claims Asserted Against Defendants.**

18      With these scant allegations, Plaintiff argues Defendants are liable for

19  violations of: (1) "Unfair Debt Collection Practices" (First Cause of Action) by

20  violating provisions of California's Rosenthal Fair Debt Collection Practices Act

21  ("RFDCPA"), the Federal Fair Debt Collections Practices Act ("FDCPA"), and the

22  Real Estate Settlement Procedures Act ("RESPA"); (2) "Predatory Lending

23  Practices" (Second Cause of Action) by violating provisions of the Home Ownership

24  and Equity Protection Act ("HOEPA"), the Truth in Lending Act ("TILA"), and the

25  Federal Trade Commission Act ("FTC Act"); and (3) "RICO Violations" (Third

26  Cause of Action) by violating the Racketeer Influenced and Corrupt Organizations

27  Act ("RICO").

28  ///

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

## III.   **ARGUMENT.**

The Complaint is completely devoid of facts supporting Plaintiff's legal claims against Defendants.  Thus, the Complaint should be dismissed pursuant to Rule 12(b)(6).  Additionally, because Plaintiff fails to plead claims sounding in fraud with sufficient particularity, the Complaint fails to meet the heightened pleading requirements of Rule 9(b) and should be dismissed on this basis as well.

### A.   **The Applicable Legal Standard.**

Where a plaintiff's complaint fails to provide grounds for his or her entitlement to relief, it must be dismissed. *Twombly*, 127 S. Ct. at 1964-65; *Balistreri*, 901 F.2d at 699.  A complaint containing mere "labels and conclusions," or a "formulaic recitations of the elements of a cause of action" will not suffice to overcome a motion to dismiss. *Twombly*, 127 S. Ct. at 1964-65.  In *Twombly* the U.S. Supreme Court expressly overruled the venerable standard from *Conley v. Gibson* that "a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," noting that the *Conley* standard "has been questioned, criticized, and explained away long enough," and "has earned its retirement." *Id*. at 1969.

Thus, a plaintiff must now allege **facts** – not formulas or stock legal conclusions – that if proven would entitle the plaintiff to relief.  "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *In re Stac Electronics Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (quoting *In re VeriFone Sec. Litig.*, 11 F.3d 865, 886 (9th Cir. 1993)).  Rather, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 127 S. Ct. at 1966. (citations omitted).

Not only must a complaint allege sufficient factual detail to show a right to relief that rises above a speculative level, but a complaint based upon allegations of

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

1  fraud must meet the heightened standard imposed by Federal Rule of Civil Procedure

2  9(b).  Rule 9(b) requires that allegations of fraud and misrepresentation be "specific

3  enough to give defendants notice of the particular misconduct which is alleged to

4  constitute the fraud charged so that they can defend against the charge and not just

5  deny that they have done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014,

6  1019 (9th Cir. 2001) (quoting *Newbronner v. Milken*, 6 F.3d 666, 672 (9th Cir.

7  1993)).  The Rule is intended to protect defendants from "the harm that comes from

8  being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing

9  upon the court, the parties and society enormous social and economic costs absent

10  some factual basis." *Id.* at 1018.  Accordingly, to satisfy Rule 9(b)'s standard, a

11  plaintiff must offer the "who, what, when, where and how" that support his or her

12  allegations. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

13  **B.    Dismissal Of All Claims Asserted Against Defendants Is Warranted**

14  **Under Rule 12(b)(6).**

15      Plaintiff's Complaint fails to make ***any*** substantive allegations against

16  Defendants.  In fact, the Complaint fails to offer even a formulaic recitation as to

17  Defendants' alleged violations of the above referenced laws.  It is not appropriate for

18  a court to assume that a plaintiff "can prove facts which it has not alleged or that the

19  defendants have violated the … laws in ways that have not been alleged."

20  *Associated Gen. Contractors of Calif., Inc. v. Calif. State Council of Carpenters*, 459

21  U.S. 519, 526 (1983).  Because the Complaint completely fails to allege how

22  Defendants engaged in "Unfair Debt Collection Practices," or "Predatory Lending

23  Practices," or violated RICO, Plaintiff's claims against Defendants should be

24  dismissed.

25      Furthermore, Plaintiff's Complaint fails to set forth ***any*** cognizable legal

26  theory based on the alleged failure of GMACM to have actual physical possession of

27  the Note.  Plaintiff fails to allege violation of any California law, or any other law for

28  that matter, that requires actual physical possession by a servicer before non-judicial

6

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

1  foreclosure may be commenced.  So long as the holder of the note in question is in

2  actual or constructive possession of the note, it is entitled to enforce it and may

3  utilize the services of a servicer to do so.  *See In re Hwang*, 393 B.R. 701, 707

4  (Bankr. C.D. Cal. 2008) (holding that an agent's possession of a note is "the same as

5  a bank officer's possession – it is on behalf of … the owner of the note and its real

6  holder", who is entitled to enforce the note in the agent's possession).  Nothing in

7  California law prohibits such an arrangement.  Moreover, nothing exposes the mere

8  trustee on a deed or trust to liability for the alleged failure of a holder or servicer to

9  be in physical possession of a note at the time a non-judicial foreclosure is

10 commenced.  "[T]he pleading must contain something more… than… a statement of

11 facts that merely creates a suspicion [of] a legally cognizable right of action."

12 *Twombly*, 127 S. Ct. at 1965.

13      The Complaint in this case completely fails to state how the alleged failure of

14 GMACM to have actual possession of the Note constitutes "Unfair Debt Collection

15 Practices," or "Predatory Lending Practices," or a violation of RICO.  Indeed,

16 Plaintiff has no good faith basis to allege that the holder does not have actual

17 possession of the Note.  He is speculating, and "testing" whether the holder in fact

18 has the ability to prove its entitlement to foreclosure – attempting to transfer a non-

19 judicial process to a judicial one on the basis of nothing more than rank speculation.

20 Therefore, Plaintiff's claims against Defendants should be dismissed.

21      **C.    Count One Alleging Unfair Debt Collection Practices Should Be**

22           **Dismissed As To Defendants Because Plaintiff Fails To State A**

23           **Claim.**

24      Plaintiff's First Cause of Action, "Unfair Debt Collection Practices,"

25 encompasses three separate claims: (1) violation of RFDCPA; (2) violation of the

26 FDCPA; and (3) violation of RESPA.  (Compl. ¶ 21).  The single, conclusory

27 allegation that Defendants "violated provisions of" the RFDCPA, the FDCPA and

28 RESPA provides absolutely no guidance as to what actions of Defendants allegedly

7

1   violated these provisions.  Defendants are not accused of doing a single thing in the

2   Complaint.  In addition to the failure to allege any substantive facts against

3   Defendants in relation to any of these claims, Plaintiff fails to even recite the basic

4   elements of any of the three claims asserted.  Thus, in several cases Defendants are

5   unable to even determine which particular section or subsection of each statute

6   Plaintiff believes Defendants violated.

7        Pursuant to *Twombly*, courts will grant a motion to dismiss where the plaintiff

8   merely asserts "formulaic recitations of the elements of a cause of action."  *Twombly*,

9   127 S. Ct. at 1964-65.  Here, Plaintiff does not even bother to set forth a formulaic

10  recitation of the elements of each claim, let alone factual support for those claims.

11  Defendants cannot defend against claims when they are not aware of what sections or

12  subsections of a statute they have allegedly violated, or what they supposedly did that

13  the Plaintiff is contending constitutes a violation.  Accordingly, Plaintiff's claim for

14  "Unfair Debt Collection Practices" should be dismissed.

15              1.    Plaintiff Fails To State A Claim Under RFDCPA.

16        Plaintiff's Complaint alleges Defendants violated the RFDCPA (Cal. Civ.

17  Code § 1788.10 *et seq.*).  Specifically, the Complaint alleges that Defendants violated

18  section 1788.10(e) and (f) of the RFDCPA.  (Compl. ¶ 21).  However, it is

19  impossible to discern what he believes Defendants did that violated the RFDCPA.

20  Plaintiff fails to provide even a formulaic recitation of a violation of the RFDCPA.

21  No facts are alleged to support the contention that he "believes" Defendants violated

22  RFDCPA.  A complaint must contain more than mere "labels and conclusions" to

23  survive a motion to dismiss.  *See Twombly*, 127 S. Ct. at 1964-65.  Plaintiff barely

24  offers even "labels and conclusions" in attempting to state a claim against

25  Defendants for violating the RFDCPA.

26              2.    Plaintiff Fails To State A Claim Under FDCPA.

27        Plaintiff does not offer any additional allegations to support the claim that

28  Defendants violated the FDCPA, and it must therefore also be dismissed for the same

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

8

Defendants' Memorandum of Points and Authorities in Support of Motion to Dismiss
*Figueroa v. ETS Services, LLC, et al.*, Case No. CV 08-07400 R (MANx)

1  reason the RFDCPA claim must be dismissed.

2           3.    Plaintiff Fails To State A Claim Under RESPA.

3        Notwithstanding Plaintiff's failure to allege the elements of a claim pursuant to

4  RESPA, it is apparent from the date the Complaint was filed (October 4, 2008) and

5  the date of the letter attached to the Complaint as Exhibit 2 (September 15, 2008), by

6  which Plaintiff apparently contends he made a "Qualified Written Request", that no

7  such claim exists.

8        Section 2605(e)(1) of RESPA provides:

9        (e) Duty of loan servicer to respond to borrower inquiries

10           (1) Notice of receipt of inquiry

11               (A) In general

12               If any servicer of a federally regulated mortgage loan
13           receives a qualified written request from the borrower (or an agent
             of the borrower) for information relating to the servicing of such
14           loan, the servicer shall provide a written response acknowledging
             receipt of the correspondence within 20 days (excluding legal
15           public holidays, Saturday, and Sundays) unless the action
16           requested is taken within such period.

17

18  12 U.S.C. § 2605(e)(1).  In other words, while mortgage servicers must provide

19  written responses to qualified written requests from the borrowers, they have 20 days

20  just to acknowledge the request.  Furthermore, it is self-evident that the letter to

21  Executive Trustee is not a Qualified Written Request because it was not sent to

22  Plaintiff's loan servicer (GMACM) and does not identify an error in the servicing of

23  the mortgage.

24        Plaintiff only asserts the following in support of his RESPA claim: (1) that he

25  demanded proof of Defendants' right to foreclosure in writing (pointing to his letter of

26  September 15, 2008, nineteen days before he filed this lawsuit); and (2) that

27  "Defendants" have inadequately responded to inquiries regarding amounts necessary

28  to be paid to redeem the property from foreclosure.  (Compl. ¶¶ 10-11).  It is not clear

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

9

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

1    that Plaintiff intends to attempt to state a claim pursuant to section 2605(e), but if he

2    does, the Complaint must be dismissed.  These assertions are not adequate to support

3    Plaintiff's RESPA claim.  Plaintiff made these demands on September 15, 2008 and

4    then filed this lawsuit only 19 days later alleging that Defendants' responses were

5    "inadequate" and in fact violated numerous laws.

6         Plaintiff cannot state a claim sufficient to survive a Rule 12(b)(6) motion for

7    failure to comply with section 2605(e) because Plaintiff's September 15, 2008 letter

8    was sent to the trustee under the deed of trust, and not to the mortgage servicer, as

9    required by RESPA.  Moreover, Defendants were not afforded the opportunity to

10   respond, as the statute requires.  It is inconceivable how Plaintiff's counsel felt he had

11   a good faith basis to make such an allegation under the circumstances.  In any event,

12   Plaintiff's RESPA claim must be dismissed.

13   **D.**   **Count Two Alleging Predatory Lending Practices Should Be**

14        **Dismissed As To Defendants Because Plaintiff Fails To State A**

15        **Claim.**

16        Plaintiff's Second Cause of Action is labeled "Predatory Lending Practices."

17   This broad, sweeping phrase encompasses alleged violations by Defendants of: (1)

18   HOEPA; (2) TILA; and/or (3) the FTC Act.  Once again Plaintiff fails to identify any

19   facts to support the claim, and admits the "specifics … are unknown." (Compl.

20   ¶ 24).  Plaintiff admits that he is unable to ascertain whether any predatory lending

21   practices have actually occurred, alleging only that "[o]ne or more of the predatory

22   lending practices referred to [above] permits, under the law, one or more defenses or

23   remedies, the specifics of which will be alleged … when ascertained." (Compl. ¶

24   25).  Such a speculative allegation cannot survive a Rule 12(b)(6) motion, and

25   Defendants should not be forced to incur the expense of litigation on the basis of

26   Plaintiff's belief that he may one day in the future ascertain a violation of the law.

27   ///

28   ///

1.   Plaintiff Fails to State A Claim Under HOEPA.

Plaintiff's first claim for "Predatory Lending Practices" is based upon HOEPA, a statute that provides for no independent cause of action.[5]  HOEPA is meant to augment TILA with additional disclosure obligations and substantive requirements for particular high-cost mortgages.  *See* 15 U.S.C. §§ 1602(aa), 1639; *see also Marks v. Chicoine*, No. C 06-06806 SI, 2007 WL 160992 (N.D. Cal. Jan. 18, 2007) (dismissing HOEPA claim for failure to allege facts indicating loan in question was subject to HOEPA); *Marks v. Chicoine*, No. C 06-06806 SI, 2007 WL 1056779, at *7 (N.D. Cal. Apr. 6, 2007) (dismissing second amended complaint for same reason).  To state a claim for a violation of TILA based on HOEPA's additional requirements, Plaintiff "must allege facts supporting a conclusion that HOEPA applies to the loan at issue." *Marks*, 2007 WL 1056779 at *7.  Nothing in the Complaint alleges that Plaintiff has a high-cost mortgage, thereby triggering HOEPA coverage.  Even if HOEPA *did* apply, Plaintiff offers no clues as to how or why he believes his loan originator violated TILA, or how or why Defendants could be liable for any breach of TILA by the originator.  Therefore, the Complaint fails to state a claim against Defendants for any violation of HOEPA or TILA, and this claim must be dismissed pursuant to Rule 12(b)(6).

2.   Plaintiff Fails To State A Claim Under TILA.

Plaintiff also alleges in a conclusory fashion that Defendants violated TILA.  TILA requires certain disclosures to be made in connection with extending credit.  15 U.S.C. §§ 1601 *et seq.*  The term "creditor," however, "refers only to a person who both: (a) regularly extends, whether in connection with loans, ... or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is *initially payable on*

---

[5] Not every loan is subject to HOEPA.  Plaintiff fails to allege that the loan in issue here is even covered by HOEPA.

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

*the face of the evidence of indebtedness*, or … by agreement." 15 U.S.C. §§ 1602(f)(1), (2) (emphasis added).  Under certain circumstances an assignee of a note may be liable for TILA violations committed by an assignor.  15 U.S.C. § 1641.  However, Defendants are not assignees and are not alleged to be assignees.  Defendants are not persons or entities to whom the obligation is payable on the face of the Note.  Accordingly, Defendants are not "creditors" under TILA, are not obligated to make any disclosures to Plaintiff and cannot be liable for any other party's alleged violation of TILA.  Thus, Plaintiff's TILA claim should be dismissed as to Defendants pursuant to Rule 12(b)(6).

3.   Plaintiff Fails To State A Claim Under The FTC Act.

The final claim in Plaintiff's Second Cause of Action for "Predatory Lending Practices" is purportedly based upon the FTC Act.  This claim must be dismissed because the FTC Act does not provide a private right of action.  15 U.S.C. §§ 45, *et seq.*; *Moore v. New York Cotton Exch.*, 270 U.S. 593 (1926).  This claim also suffers from a lack of any allegations of fact as required by *Twombly*.  Thus, Plaintiff has failed to state a claim under the FTC Act and this claim must be dismissed pursuant to Rule 12(b)(6).

**E.   Count Three Alleging RICO Violations Should Be Dismissed As To Defendants Because Plaintiff Fails To State A Claim.**

In the Third Cause of Action, Plaintiff simply alleges that "Defendants and each of them have violated RICO, including but not limited to" a list of several specific statutory sections.  (Compl. ¶¶ 27-32).  Plaintiff makes no effort to plead any facts at all to support these allegations, and the allegations do not inform Defendants of the nature of the conduct that Plaintiff believes constitutes a violation of RICO or raise Plaintiff's right to relief above a speculative level.  Such allegations are deficient and can not withstand a motion to dismiss.  *See Twombly*, 127 S. Ct. at 1966.

///

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

1    For example, Plaintiff alleges that Defendants violated section 1962(b), which

2  refers to unlawful debt collection.  (Compl. ¶ 28).  However, under RICO, an

3  "unlawful debt" is one:

> 4  (A) incurred or contracted in gambling activity which was in violation
> of the law of the United States, a State or political subdivision thereof,
> 5  or which is unenforceable under State or Federal law in whole or in
> part as to principal or interest because of the laws relating to usury,
> 6  and (B) which was incurred in connection with the business of
> gambling in violation of the law of the United States, a State or
> 7  political subdivision thereof, or the business of lending money or a
> thing of value at a rate usurious under State or Federal law, where the
> 8  usurious rate is at least twice the enforceable rate.

11  18 U.S.C. § 1961(6).  This cannot be the basis for Plaintiff's claim, because there are

12  no allegations that the debt in issue here was incurred in connection with gambling or

13  the lending of money at any usurious rate.

14    Plaintiff also alleges that Defendants "participated in a scheme of

15  racketeering" as that term is defined by RICO.  (Compl. ¶ 27).  "Racketeering

16  activity" means (1) "any act or threat involving murder, kidnapping, gambling, arson,

17  robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled

18  substance or listed chemical. . . which is chargeable under State law and punishable

19  by imprisonment for more than one year;" and (2) any act indictable under a number

20  of specified federal statutes.  18 U.S.C. § 1961(1).  A "pattern" of "racketeering

21  activity" requires an allegation of at least two "predicate acts."  18 U.S.C. § 1961(5).

22  It is insufficient for a plaintiff to simply allege a mass of acts of wrongdoing without

23  expressly identifying which acts constitute "predicate acts" purportedly supporting a

24  RICO claim.  *Graf v. Peoples*, No. CV 07-4731-VAP(E), 2008 WL 4189657, at *6

25  (C.D. Cal. Sept. 4, 2008) (dismissing complaint for failure to sufficiently allege

26  RICO claim) (citing *Savage v. Council on American-Islamic Relations, Inc.*, No. C-

27  07-6076 SI, 2008 WL 2951281, at *14 (N.D. Cal. July 25, 2008) (RICO claim

28  insufficient where plaintiff set forth a "redundant narrative of allegations and

13

1  conclusions of law, but [made] no attempt to allege what facts are material to his

2  claims under the RICO statute, or what facts are used to support what claims under

3  particular subsections of RICO"); *Fed. Reserve Bank of San Francisco v. HK*

4  *Systems*, No. C-95-1190 MHP, 1997 WL 227955, at *3 (N.D. Cal. Apr. 24, 1997)

5  (finding complaint insufficient for failure to "identify exactly which acts are

6  'predicate acts' for RICO liability")).

7       Plaintiff's RICO claim is purportedly based on, "including but not limited to"

8  the following predicate acts: (1) "mail fraud" (Compl. ¶ 29); (2) "prohibited

9  interference with commerce, robbery, or extortion" (Compl. ¶ 30); and "fraud in the

10  sale of securities" (Compl. ¶ 31). However, Plaintiff makes no effort to allege any

11  facts that would amount to any of these things, and moreover, no conduct at all by

12  Defendants.

13       Plaintiff makes a wholly conclusory allegation that "Defendants ... are

14  engaged in a pattern and practice to obtain title of property without compliance and

15  in violation of Article 3 of the California Commercial Code." (Compl. ¶ 32).

16  However, violation of Article 3 of the California Commercial Code (which

17  Defendants deny and which Plaintiff does not adequately allege in his Complaint), is

18  not a predicate act upon which RICO liability can be based. *See* 18 U.S.C. §

19  1961(1). Moreover, Plaintiff does not allege any facts that could establish a "pattern

20  and practice" of anything. He makes no allegation that an enterprise even existed –

21  much less what he thinks it might have been.

22       Regardless, Defendants and this Court are not required to guess at what

23  Plaintiff is attempting to allege. Plaintiff's RICO allegations are nothing more than

24  pure legal conclusions, completely unsupported by any factual allegations. Plaintiff

25  is required to state his claims with particularity. Due to RICO's quasi-criminal

26  nature, it is vital in a civil RICO suit to "flush out frivolous RICO allegations at an

27  early stage of litigation." *Wagh v. Metris Direct*, 348 F.3d 1102, 1108 (9th Cir.

28  2003). Simply making conclusory allegations that Defendants engaged in a

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

14

1    "racketeering scheme", without any factual allegations whosoever, is not enough to

2    sustain a RICO action.  Therefore, based on Plaintiff's complete lack of factual

3    support for his RICO claim, his Third Cause of Action must be dismissed under Rule

4    12(b)(6).

**F.**    **Dismissal Of Plaintiff's Claim For RICO Violations Is Also**

6    **Warranted Because Plaintiff Fails To State A Claim With Sufficient**

7    **Specificity As Required By Rule 9(b).**

8    RICO claims based upon wire or mail fraud must be pled with particularity.

9    *Wagh*, 348 F.3d at 1109; *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 541

10   (9th Cir. 1989); *Graf*, 2008 WL 4189657 at *6.  Plaintiff's Complaint purports to

11   state a claim for RICO violations against Defendants based on alleged mail fraud and

12   fraud in the sale of securities.  (Compl. ¶¶ 29, 31).  Yet the Complaint comes

13   nowhere near satisfying the particularity requirements imposed by Rule 9(b).  As

14   discussed above, "[t]he complaint must specify such facts as the times, dates, places,

15   benefits received, and other details of the alleged fraudulent activity."  *Macelos v.*

16   *Dominguez*, No. C 08-00056 WHA, 2008 WL 1820683, at *9 (N.D. Cal. Apr. 21,

17   2008) (citation omitted) (dismissing complaint where plaintiff failed to identify

18   defendants' specific roles in the alleged fraudulent scheme sufficient to allow them to

19   defend against the charge).

20   Plaintiff alleges the following purported violations without any factual

21   specificity: conspiracy, misrepresentation, "deceptive practices", "racketeering",

22   "mail fraud" and "fraud in the sale of securities."  (*See* Compl. ¶¶ 13, 16-17, 24, 27,

23   29, 31).  All of these allegations are fraud-based claims which must be pled with

24   particularity.  However, the details of Defendants' alleged involvement or

25   participation in any such allegedly fraudulent practices are completely omitted from

26   the Complaint.  Therefore, the RICO claim fails to meet the particularity

27   requirements of Rule 9(b) and should be dismissed.

28   ///

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

15

Defendants' Memorandum of Points and Authorities in Support of Motion to Dismiss
*Figueroa v. ETS Services, LLC, et al.*, Case No. CV 08-07400 R (MANx)

1

## IV.   **CONCLUSION.**

2     For the foregoing reasons, Defendants respectfully request that the Court grant

3  their Motion to Dismiss and grant such other and further relief as it deems just and

4  proper.  A Proposed Order granting the relief sought here has been filed concurrently

5  with this Motion.

6

7  Dated:  November 14, 2008                    Respectfully submitted,

8                                               LOCKE LORD BISSELL & LIDDELL LLP

9

10

11                                             By:  /s/ John M. Hochhausler
                                                   John M. Hochhausler
12                                                 Amber L. Harley
13                                                 Attorneys for Defendants
                                               EXECUTIVE TRUSTEE SERVICES, LLC,
14                                             and GMAC MORTGAGE, LLC

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071